IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERIC DESHUN WILLIAMS, #777518, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | 3:11-CV-0743-B (BK) | |
| § | | |
| GENISPACE RADIO COMMERCIAL § | | |
| PRODUCERS, § | | |
| Defendant. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for screening. For the reasons set out below, it is recommended that the action be dismissed as barred by the three-strike provision of 28 U.S.C. § 1915(g).

**I. BACKGROUND**

Plaintiff, a state inmate confined within the Texas Department of Criminal Justice (TDCJ), filed this *pro se* civil rights action against Genispace Radio Commercial Producers along with a motion for leave to proceed *in forma pauperis*. The Court did not issue process pending preliminary screening.

Plaintiff sues an unidentified radio commercial producer for using without his consent the word "genispace," which Plaintiff allegedly created in 2010 by combining two words ("general" and "space"). (Doc. 2 at 4.) Plaintiff requests monetary relief. (*Id.*)

**II. ANALYSIS**

28 U.S.C. § 1915(g), the "three-strike" provision of the Prison Litigation Reform Act (PLRA), precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more

prior occasions, while confined as a prisoner, he filed civil actions or appeals in federal court which were dismissed, either by a district court or appellate court, as being frivolous, malicious, or for failing to state a claim. *Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007).

Plaintiff has accrued four strikes. This Court dismissed three of his five civil rights actions as frivolous. *See Williams v. Dallas County, et al.*, 3:97-CV-1041-X (N.D. Tex., Dallas Div., Jun. 18, 1997) (dismissing civil rights action with prejudice as frivolous under 28 U.S.C. § 1915(e)(2)), *appeal dismissed as frivolous*, No. 97-10709 (5th Cir. Oct. 30, 1997); *Williams v. State of Texas, et al.*, 3:97-CV-1297-P (N.D. Tex., Dallas Div., Aug. 11, 1997) (same); *Williams v. Stolz,* 3:97-CV-1919-P (N.D. Tex., Dallas Div., Sep. 18, 1997) (same). In addition, the United States Court of Appeals for the Fifth Circuit dismissed Plaintiff's appeal in No. 97-10709 as frivolous relying on the same reasons set out by the magistrate judge and accepted by the district court. *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996) (dismissal of appeal as frivolous counts as strike for purposes of section 1915(g)).

Having accumulated three "strikes," section 1915(g) precludes Plaintiff from proceeding in this action *in forma pauperis* unless he alleges a claim of "imminent danger of serious physical injury" at the time of filing the complaint. *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). The complaint, even when liberally construed, presents no claim that Plaintiff was in danger of any physical injury at the time of filing the same. *See Carson v. Johnson*, 112 F.3d 818, 822-823 (5th Cir. 1997). Plaintiff merely complains that a radio commercial used a word that he purportedly created without his consent. Therefore, because Plaintiff has not alleged a claim of imminent danger of serious physical injury, the District Court should bar him from proceeding *in forma pauperis* under section 1915(g). *See Adepegba*, 103 F.3d at 388.

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court **DENY** Plaintiff's motion to proceed *in forma pauperis* (Doc. 3), and **DISMISS** this action as barred by the three-strike provision of 28 U.S.C. § 1915(g). Such dismissal is with prejudice to the refiling of an *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit with full payment of the $350.00 filing fee.

The Clerk of the Court is **directed** to terminate the case referral.

SIGNED April 21, 2011.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE